IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-00122

| | | |
|---|---|---|
| WALLACE SHARIK WINSTEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to resolve restitution responsibility. (DE # 59). Petitioner's Motion is DENIED.

FACTS

On March 18, 1999, this Court sentenced Petitioner to a term of imprisonment, ordered restitution in the amount of $13,900, and imposed other penalties (DE# 32) arising out of Petitioner's guilty plea to bank robbery and 18 U.S.C. § 924(c) charges. (DE # 23). On March 25, 2010, the Court revoked Petitioner's supervised release and sentenced Petitioner to 36 months of imprisonment, consecutive to a sentence he is serving from an offense arising out of the Western District of Pennsylvania. (DE# 57).

Petitioner filed the instant pro se motion with the Court on January 24, 2011. (DE# 59). In his motion, Petitioner asks the Court to "dissolve" his restitution because of his inability to pay. Petitioner states he is unable to work in prison because of unspecified health complications caused by having AIDS for over 10 years. Petitioner seeks to dissolve his restitution as it causes him to have "multiple restrictions that affect [his] custody level."

1

## DISCUSSION

The Petitioner has not show cause to alter or dissolve his restitution.

"Petitioner's restitution Order constitutes a final judgment which the Court lacks the jurisdiction to alter except under limited circumstances." Pheasant v. United States, 2010 WL 1755946, *1 (W.D.N.C. 2010)(denying a petitioner's motion to modify his restitution order). Two statutes allow a court, under particular circumstances, to adjust a payment schedule. Title 18 U.S.C. § 3613A permits a court to adjust a payment schedule "[u]pon a finding that the defendant is in default on a payment of a fine or restitution." Title 18 U.S.C. § 3664(k) permits a court to "adjust the payment schedule, or require immediate payment in full" upon receiving notice of a material change in a movant's economic circumstances.

Here, Petitioner has not shown he is in default or that there has been a material change in his economic circumstances. Moreover, these statutes merely allow a court to adjust the payment schedule, rather than dissolve or eliminate the obligation altogether.

The Petitioner's request is denied.

SO ORDERED, this _23_ day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE